```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JAMES ANTHONY BARNES,            :
                                 :   Civil Action No. 11-4624 (JAP)
          Plaintiff,             :
                                 :
     v.                          :   **MEMORANDUM OPINION**
                                 :
TRENTON MUNICIPAL COURT,         :
et al.,                          :
                                 :
          Defendants.            :

**APPEARANCES:**

> JAMES ANTHONY BARNES, Plaintiff pro se
> #507188
> Mercer County Correction Center
> P.O. Box 8068
> Lambertville, New Jersey 08610

**PISANO**, District Judge

Plaintiff James Anthony Barnes, a state inmate presently confined at the Mercer County Detention Center in Lambertville, New Jersey, seeks to bring this civil action in forma pauperis, pursuant to 28 U.S.C. § 1915. For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

### BACKGROUND

Plaintiff's Complaint alleges unintelligible claims against the Trenton Municipal Court and the Trenton Police Department. The Complaint is a handwritten jumble of allegations that are mostly incomprehensible, rambling and incoherent. The mostly

indecipherable allegations appear to involve numerous unidentified persons and unrelated incidents involving the sale of drugs, pornography, homosexuality and alleged sexual assaults. Plaintiff offers delusional rants about "female impersonators," "baby killers," homosexual behavior, pedophilia, stolen social security payments, drug addiction and police and judicial corruption.  He further accuses the police of imprisoning him on false charges.  The Complaint is somewhat duplicative of several earlier Complaints that were administratively terminated pursuant to 28 U.S.C. § 1915(g).[1]  Plaintiff does not indicate the relief he seeks.

## **DISCUSSION**

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

---

[1] Barnes v. Mercer County Correction Center, et al., Civil No. 11-3554 (FLW); Barnes v. Thomas, Civil No. 11-3555 (FLW); Barnes v. Dunkin Donuts, et al., Civil No. 11-3761 (FLW); Barnes v. Department of Corrections, et al., Civil No. 11-3762 (FLW); Barnes v. 7-Eleven, Civil No. 11-3763 (FLW); Barnes v. Internal Affairs, et al., Civil No. 11-3798 (FLW); Barnes v. Trenton Psychiatric Hospital, Civil No. 11-4028 (AET).  Barnes has continued to submit Complaints for filing, making similar incoherent allegations against different defendants, including this one and the following: Barnes v. Trenton Police Department, et al., Civil No. 11-4402 (FLW); Barnes v. The Philadelphia Mint and Reserve for Washington D.C., Civil No. 11-4519 (FLW); Barnes v. Mercer County Correction Center, et al., Civil No. 11-4520 (FLW); Barnes v. Mercer County Correction Center, Civil No. 11-4641 (FLW); Barnes v. Mercer County Superior Court, Civil No. 11-4777 (FLW); Barnes v. St. Francis Hospital, Civil No. 11-4812 (FLW); and Barnes v. Mercer County Health Department, Civil No. 11-4995 (FLW).

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)). A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in the District of New Jersey. At least three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A. See, e.g., Barnes v. Mercer County Court

3

House, Civil No. 07-1194 (FLW); Barnes v. Trenton State Prison Medical Department, Civil No. 09-1604 (GEB); Barnes v. Trenton Police Department, Civil No. 09-5934 (JAP).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In his Complaint, Plaintiff makes no allegations or claims of "imminent danger." Rather, the Complaint appears to involve past incidents of delusory and ludicrous acts of homosexual, sexual and other outrageous behavior by mostly unidentified persons allegedly against Plaintiff. As referenced above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm as alleged here. See Abdul-Akbar, 239 F.3d at 312. Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury," which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendant has violated any state or federal law, or otherwise violated Plaintiff's constitutional rights. However, this Court finds

4

that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g).  As set forth in the accompanying Order, Plaintiff's case will be administratively terminated.  Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.

S/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: September 21, 2011